FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2021

SEAN F. McAVOY, CLERK

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIFTON FRANK PETER,<br><br>Defendant. | 1:20-CR-02024-SAB<br><br>Plea Agreement |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney; Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington; Defendant Clifton Frank Peter; and Defendant's counsel, John B. McEntire, IV, agree to the following Plea Agreement:

Plea Agreement - 1

1. **Guilty Plea and Maximum Statutory Penalties:**

Defendant agrees to plead to Count 1, Second-Degree Murder, in violation of 18 U.S.C. § 1111, and § 1153 (a lesser-included offense of First Degree Murder); Count 3, Second-Degree Murder, in violation of 18 U.S.C. § 1111, and §1153 (a lesser-included offense of First-Degree Murder); and Count 5, Second-Degree Murder, in violation of 18 U.S.C. § 1111, and § 1153 of the Indictment filed on July 7, 2020.

As to each count, Defendant understands the maximum statutory penalty for Second-Degree Murder, in violation of 18 U.S.C. § 1111 and § 1153, is a term of imprisonment for any term of years or for life; a fine not to exceed $250,000; a five (5)-year term of supervised release; and a $100 special penalty assessment.

2. **The Court is Not a Party to This Plea Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter solely within the Court's discretion. Defendant understands the Court is not obligated to accept the parties' recommendations; the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and the Court may, in its discretion, impose any sentence it deems appropriate, including up to the statutory maximums.

Defendant acknowledges no promises have been made to him with respect to what sentence the Court will impose in this matter. Defendant understands the Court is required to consider the advisory sentencing guideline range, but may depart (or vary) upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept the parties' recommendations, that decision is not a basis for either withdrawing from this Plea Agreement or his guilty plea.

3.    **Waiver of Constitutional Rights:**

Defendant understands that, by pleading guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a) the right to a jury trial;

(b) the right to see, hear and question the witnesses;

(c) the right to remain silent at trial;

(d) the right to testify at trial; and

(e) the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, he retains the right to be assisted through the sentencing and any direct appeal by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant also acknowledges any pretrial motions currently pending before the Court are waived.

4.   **Elements of the Offense:**

**Count 1**

The parties agree that, to convict Defendant of Second-Degree Murder, in violation of 18 U.S.C. §1111 and § 1153, which is a lesser-included offense of First-Degree Murder and was the offense originally charged in Count 1 of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, Defendant unlawfully killed O.V.;

*Second*, Defendant killed O.V. with malice aforethought;

*Third*, the killing occurred within the external boundaries of the Yakama Nation Indian Reservation, in Indian Country as defined in 18 U.S.C. §1151; and

*Fourth*, Defendant is an Indian, as he is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation, which is a federally-recognized tribe. He also possesses some quantum of Indian blood.

**Count 3**

The parties agree that, to convict Defendant of Second-Degree Murder, in violation of 18 U.S.C. §1111 and § 1153, which is a lesser-included offense of First-Degree Murder and was the offense originally in Count 3 of the Indictment,

Plea Agreement - 4

the United States would have to prove beyond a reasonable doubt the following elements:

*First*, Defendant unlawfully killed I.G.;

*Second*, Defendant killed I.G. with malice aforethought;

*Third*, the killing occurred within the external boundaries of the Yakama Nation Indian Reservation, in Indian Country as defined in 18 U.S.C. §1151; and

*Fourth*, Defendant is an Indian, as he is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation, which is a federally-recognized Indian tribe. He also possesses some quantum of Indian blood.

**Count 5**

The parties agree that, to convict Defendant of Second-Degree Murder, in violation of 18 U.S.C. §1111 and § 1153, as charged in Count 5 of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, Defendant unlawfully killed J.G.;

*Second*, Defendant killed J.G. with malice aforethought;

*Third*, the killing occurred within the external boundaries of the Yakama Nation Indian Reservation, in Indian Country as defined in 18 U.S.C. §1151; and

Plea Agreement - 5

*Fourth*, the Defendant is an Indian, as he is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation, which is a federally-recognized Indian tribe. He also possesses some quantum of Indian blood.

5. **Factual Basis and Statement of Facts:**

Defendant agrees a jury could find the following facts by proof beyond a reasonable doubt at trial, and these facts constitute an adequate factual basis his guilty plea. The parties are not precluded from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On June 1, 2020, Defendant entered R.P.'s truck and backed out of R.P.'s driveway onto Yakima Street in Parker, which is in the Eastern District of Washington. As he was backing out, Defendant hit J.G.'s vehicle, who was at the time driving southbound on Yakima Street. Defendant exited his vehicle, approached J.G., and shot him with a shotgun. J.G. died in his vehicle.

After the shooting, Defendant got back in R.P.'s truck and drove northbound on Yakima Street. He countered a 2003 Honda driving slowly on the road. Defendant rear-ended the Honda, pushed the vehicle onto the side of the road, and shot both the driver (I.G.) and the passenger (O.V.) with the same shotgun. Both individuals died at the scene.

Defendant then proceeded to walk down the road until he was arrested by law enforcement shortly thereafter.

Defendant is an Indian as that term is used in 18 U.S.C. § 1153. He is also an enrolled member of the Confederated Bands and Tribes of the Yakama Nation, which is a federally-recognized Indian tribe. Defendant possesses some quantum of Indian blood.

Each killing occurred within the external boundaries of the Yakama Nation and in Indian Country, as that term is defined in 18 U.S.C. § 1151.

6.    **The United States agrees:**

(a.)    Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of this investigation, unless Defendant breaches this Plea Agreement before sentencing.

(b.)    Dismissal:

At the time of sentencing, the United States Attorney's Office agrees to dismiss Counts 2 and 4 of the Indictment filed on July 7, 2020.

7.   **United States Sentencing Guideline Calculations:**

Defendant understands the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine Defendant's applicable sentencing guideline range at sentencing.

   (a).   Base Offense Level:

The parties agree the base offense level for second-degree murder is 38. *See* U.S.S.G. §2A1.2(a).

   (b).   Specific Offense Characteristics:

The parties have no agreement as to the applicability of any specific offense characteristics.

   (c).   Adjustments

The parties agree three additional levels should be added based on a multiple-count analysis, raising the combined offense level from 38 to 41. *See* U.S.S.G. §3D1.4(a). The parties have no agreement as to the applicability of additional adjustments.

   (d).   Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement, the United States will move

Plea Agreement - 8

for a three (3) level downward adjustment for Defendant's timely acceptance of responsibility. *See* U.S.S.G. §3E1.1 (a), (b).

The parties agree the United States may, at its option and upon written notice to Defendant, not recommend a three (3) level downward adjustment for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for a controlled substance.

(e.) Criminal History:

The parties recognize the Court will determine Defendant's criminal history category at sentencing after reviewing the Presentence Investigative Report.

**8.     Incarceration:**

The United States agrees to recommend that the Court impose a sentence of 50 years imprisonment.

Defendant reserves the right to recommend any legal sentence.

**9.     Criminal Fine:**

The parties agree to recommend a fine should be waived based on Defendant's indigent status.

**10.    Supervised Release:**

The parties agree to recommend the Court impose a five-year term of supervised release.

Plea Agreement - 9

**11.    Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment per count (for a total of $300) to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**12.    Additional Violations of Law Can Void Plea Agreement:**

The parties agree the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

**13.    Restitution:**

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663, 3663A, and 3664. With respect to restitution, the parties agree to the following:

(a)    **Restitution Amount and Interest**

At this time, the United States has not been advised of a specific restitution amount, but reserves the right to raise this issue before sentencing. Defendant

reserves the right to challenge the restitution amount. The interest on this restitution amount should be waived.

    **(b)    Payments**

The parties agree the Court will set a payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than $25 per month or 10% of his net monthly income, whichever is greater, towards his restitution obligation.

    **(c)    Treasury Offset Program and Collection**

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of the Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

(d)     **Notifications**

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. §3612(b)(F). This obligation ceases when the restitution is paid-in-full.

**14.     Appeal Rights:**

Defendant waives his right to appeal his conviction in this case, but preserves the right to appeal the sentence and any restitution order. Defendant also waives any right to collaterally attack his conviction under 28 U.S.C. § 2255, except for ineffective assistance of counsel based on facts discovered after the plea and sentencing.

Defendant acknowledges this waiver shall result in the dismissal of any collateral attack he might file, except for ineffective assistance of counsel, as noted above. These collateral attack limitations do not extend to sentence reduction requests under 18 U.S.C. § 3582.

**15.    Abandonment:**

Defendant agrees to abandon the following listed firearm to the Federal Bureau of Investigation (FBI): a Savage Arms model 67E, 12-gauge shotgun, serial number E257517.

Defendant agrees to take all steps as requested by the United States and FBI to effectuate the abandonment of the firearm to FBI and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal, including destruction, of the firearm.

Defendant waives any right be may have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that FBI might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the firearm. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of assets, including any such claim for attorney fees and litigation costs.

**16.    Integration Clause:**

The parties acknowledge this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties. This Plea Agreement is binding only upon the United

Plea Agreement - 13

States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The parties agree this Plea Agreement cannot be modified except in writing that is signed by both parties.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____          8/10/21
THOMAS J. HANLON                         Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed it with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those

contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement.

_____      8/10/21
CLIFTON FRANK PETER               Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____      8/10/21
JOHN B. McENTIRE, IV              Date
Attorney for Clifton Frank Peter